UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN THE MATTER OF APPLICATION FOR     :
ADMISSION TO PRACTICE IN THIS COURT  :

## PETITION

I, __Deborah R. Gross__, hereby petition the United States District Court for the Middle District of Pennsylvania to admit me to practice before that Court. In support of my petition, I state as follows:

My office address is:   Two Commerce Square, Suite 3900

2001 Market Street

Philadelphia, PA 19103

Office Telephone:   215-735-8700

I was admitted to practice before the Courts listed below on the date shown after the name of each Court, and I am currently a member in good standing of all those Courts.
1985: PA Supreme, Com. PA, Com. Massachusetts, USDC EDPA; 1986: USDC DMA;

1987: 3rd Cir. Appeals; 1990: US Supreme Court; 1997: 10th Cir. Appeals;

2001: USDC DCO; 2008: USDC WDWI; 2009: 2nd Cir. Appeals

My attorney Identification number is:  PA 44542; MA: 546151

---

FOR COURT USE ONLY

_____ GENERAL ADMISSION:

GRANTED BY THE COURT: _____     Date: _____

_____ SPECIAL ADMISSION:

GRANTED BY THE COURT _____     Date: _____

I understand that:

1) If seeking admission under Section LR 83.8.2.2, LR 83.8.2.3, or 83.8.2.4, I must submit a letter from a superior stating the agency with which I am employed and the duties performed which qualify me for admission under those sections.

2) If petitioning for admission, only in a particular case, under Rule LR 83.8.2.1, I need no sponsor's certificate. Any attorney specially admitted under LR 83.8.2.1, shall, in each proceeding in which he or she appears, have associate counsel who is generally admitted under Local Rule 83.8.1 to practice in this court, whose appearance shall also be entered of record and upon whom all pleadings, motions, notices, and other papers may be served in accordance with any statute or applicable rule. The attendance of any such associate counsel upon the hearing of any motion or the taking of any testimony shall be sufficient appearance for the party or parties represented by such associate counsel. Either the specially admitted attorney or associate counsel must be fully prepared to participate in any hearings, arguments, conferences and trials. (See LR 83.9)

    If special admission is requested for a particular case, please list the name, address, telephone number and bar identification number of associate counsel to be entered of record in the case:

    Howard J. Kaufman (Pa. ID 09741), Kaufman, Coren & Ress, P.C.
    Two Commerce Sq., Ste. 3900, 2001 Market St., Phila., PA 19103
    Tele: 215-735-8700; Email: HKaufman@kcr-law.com

3) If seeking general admission under Rule LR 83.8.1, I must be a member of the bar of the Supreme Court of Pennsylvania and have a sponsor who is a member in good standing of the Bar of this Court present to move for my admission and I must submit the sponsor's certificate with my petition.

    Deborah R. Gross
    PETITIONER

    PA: 44542; MA: 546151
    (Bar Identification Number and State where admitted)

    _____
    (Date)

By signing this petition for admission, I acknowledge that I have read the attached Middle District of Pennsylvania Code of Professional Conduct and agree to subscribe to the standards set forth in the Code.

NAME OF PETITIONER  Deborah R. Gross

Please Answer the Following Questions:

All occasions, if any, on which I have been convicted of a crime (subsequent to my becoming an attorney), censured, suspended, disciplined or disbarred by any court are set forth as follows: (State the facts and circumstances connected with each; if none, state "none".)

None

All occasions, if any, on which I have been held in contempt of court are set forth as follows: (State the nature and final disposition of contempt; if none, state "none".)

I do _____, do not __X__, have any disciplinary action, contempt or other proceedings involving me pending before any court. (Check the appropriate space.) If there are pending proceedings, please explain: _____

I am seeking:

_____ General Admission under Local Rule LR 83.8.1

__X__ Special Admission (specify by a check which rule) under

LR 83.8.2.1 __X__, LR 83.8.2.2 ____, LR 83.8.2.3 ____, or LR 83.8.2.4 ____

If seeking special admission under Local Rules LR 83.8.2.1, LR 83.8.2.2, LR 83.8.2.3, or LR 83.8.2.4, the basis for my admission under the designated rule is as follows:

Pro Hac Vice Admission

NAME THE PARTY YOU REPRESENT:

Plaintiff UA Local 13 Pension Fund

If special admission is requested for a particular case, please list case number and caption:

Case # 1:17-cv-00326

Caption # UA Local 13 Pension Fund v. The Western Union Company, et al.

Please Answer the Following Questions:

All occasions, if any, on which I have been convicted of a crime (subsequent to my becoming an attorney), censured, suspended, disciplined or disbarred by any court are set forth as follows: (State the facts and circumstances connected with each; if none, state "none".)
None

All occasions, if any, on which I have been held in contempt of court are set forth as follows: (State the nature and final disposition of contempt; if none, state "none".)

I do _____, do not __X__, have any disciplinary action, contempt or other proceedings involving me pending before any court. (Check the appropriate space.) If there are pending proceedings, please explain: _____

I am seeking:

_____ General Admission under Local Rule LR 83.8.1

__X____ Special Admission (specify by a check which rule) under

LR 83.8.2.1 __X__, LR 83.8.2.2 ____, LR 83.8.2.3 ____, or LR 83.8.2.4 ____

If seeking special admission under Local Rules LR 83.8.2.1, LR 83.8.2.2, LR 83.8.2.3, or LR 83.8.2.4, the basis for my admission under the designated rule is as follows:

Pro Hac Vice Admission

NAME THE PARTY YOU REPRESENT:

Plaintiff UA Local 13 Pension Fund

If special admission is requested for a particular case, please list case number and caption:

Case #   1:17-cv-00326

Caption #  UA Local 13 Pension Fund v. The Western Union Company, et al.

SPONSOR'S CERTIFICATE:

I, Howard J. Kaufman, Esquire, was admitted to practice before the Supreme Court of Pennsylvania in 1969, and am a member in good standing of the Bar of the United States District Court for the Middle District of Pennsylvania, having been admitted to practice before this Court on June 13, 1985. I have known the above petitioner as a colleague at Kaufman, Coren Ress, P.C., since she joined our firm. I represent that the petitioner's moral character is excellent.

The petitioner's educational background and experience are as follows: She graduated from University of Pennsylvania, Wharton School, B.S., 1982 and Boston University School of Law, J.D. 1985. She has been with Kaufman, Coren & Ress, P.C., since October, 2015. She devotes most of her practice to the representation of investors in class actions involving violations of the federal securities laws and in prosecuting consumer fraud cases throughout the nation.

I sponsor and recommend Deborah R. Gross for admission as a qualified attorney to practice before this Court.

_/s/ Howard J. Kaufman_
Howard J. Kaufman, Esq.

Office address:   Kaufman, Coren & Ress, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103

Telephone:   215-735-8700

Attorney Bar I.D. Code No. 9741

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CODE OF PROFESSIONAL CONDUCT

As a member of the Bar of the United States District Court for the Middle District of Pennsylvania, I will strive for the following professional ideal:

1. The rule of law will govern my entire conduct. I will not violate the law or place myself above the law.

2. I will treat with civility and respect the lawyers, clients, opposing parties, the court and all the officials with whom I work. Professional courtesy is compatible with vigorous advocacy and zealous representation. Even though antagonism may be expected by my client, it is not part of my duty to my client.

3. I will respect other lawyers' schedules as my own, and will seek agreement on meetings, depositions, hearings, and trial dates. A reasonable request for a scheduling accommodation should never be unreasonably refused.

4. Communications are life lines. I will keep the lines open. Telephone calls and correspondence are a two-way channel; I will respond to them promptly.

5. I will be punctual in appointments, communications and in honoring scheduled appearances. Neglect and tardiness are demeaning to others and to the judicial system.

6. I will earnestly attempt to resolve differences through negotiation, expeditiously and without needless expense.

7. Procedural rules are necessary to judicial order and decorum. I will be mindful that pleadings, discovery processes and motions cost time and money. I will not use them heedlessly. If an adversary is entitled to something, I will provide it without unnecessary formalities.

8. I will not engage in conduct that brings disorder or disruption to the courtroom. I will advise my client and witnesses appearing in court of the proper conduct expected and required there and, to the best of my ability, prevent my client and witnesses from creating disorder or disruption.

9. Before dates for hearings or trials are set, or if that is not feasible immediately after such date has been set, I will attempt to verify the availability of necessary participants and witnesses so I can promptly notify the court of any likely problems.

I agree to subscribe to the above Code of Professional Conduct:

_____
Signature

## Court Admissions for Deborah R. Gross

| |
|---|
| 1985: PA Supreme (Bar No. 44542), Comm. PA, Comm. Mass., USDC EDPA |
| 1986: USDC D. Massachusetts (Bar No. 546151) |
| 1987: 3rd Cir. Appeals |
| 1990: US Supreme Court |
| 1997: 10th Cir. Appeals |
| 2001: USDC D. Colorado |
| 2008: USDC WD Wisconsin |
| 2009: 2nd Cir. Appeals |